IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CAREY LAMAR CHILDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 1:16-cv-8064-LSC |
| ) | (1:10-cr-226-LSC-TMP) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION**

Petitioner Carey Lamar Childs ("Childs") has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The Government has responded in opposition to the motion. (Doc. 7.) Childs has replied in support of his motion. (Doc. 10.) For the following reasons, the motion is due to be denied.

**I.    Background**

In 2010, Childs was convicted of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Because he had three Alabama prior convictions for violent felonies, he was sentenced to 188 months of imprisonment as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

1

924(e)(1). Had he not been sentenced under the ACCA, his maximum sentence would have been 10 years. Childs did not appeal. This is Childs's first motion filed pursuant to 28 U.S.C. § 2255.

II. Discussion

    **A. Childs's claim that his prior convictions should have been considered as one offense is time barred and without merit in any event**

Childs was sentenced under the ACCA based on his three prior Alabama convictions for violent felonies: first-degree robbery, first-degree assault, and second-degree assault. In support of his request for relief, he argues that a "simple consideration [of] the record in his cases demonstrated that his prior convictions did not qualify as separate[] offense[s]." Relying upon U.S.S.G. § 4A1.2(a)(2), he says that the "3 offenses . . . should have been counted as one conviction."

This claim is time barred.[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion. 28 U.S.C. § 2255(f). The time begins to run following the latest of four possible events. *Id.* At a minimum, however, a convicted defendant has at least one year from "the date on which the judgment of conviction becomes final." 28

---

[1] In evaluating the timeliness question, this Court must consider each of Childs's claims individually. *See Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013) (en banc) (holding that, under § 2244(d)(1)—the one year limitations period applicable to state court convictions—"the federal statute of limitations requires a claim-by-claim approach to determine timeliness").

2

U.S.C. § 2255(f)(1). Childs's conviction became final on December 6, 2010, fourteen days after the judgment was entered against him. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Thus, under § 2255(f)(1), Childs had until December 6, 2011, to file a motion for collateral relief. He filed his initial motion in June 2016, more than four years too late. Unless he can establish the existence of one of the other § 2255(f) triggering events, a claim that his three prior convictions should have been considered as one is time-barred.

Childs cannot establish the existence of another § 2255(f) triggering event. In his motion, he cites § 2255(f)(3), which provides that the one-year limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In support of that contention, cites to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* does constitute a right newly recognized and made retroactive to cases on collateral review by the Supreme Court. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Thus, in appropriate circumstances, it does serve as a basis to extend the limitations period

under § 2255(f)(3). Here, however, it does not do so. In *Johnson*, the Supreme Court held that the residual-clause portion of the ACCA's violent-felony definition is unconstitutionally vague. 135 S. Ct. at 2557. That holding has no relevance to § 4A1.2 of the Sentencing Guidelines—the provision Childs relies upon in making his claim. *See also Beckles v. United States*, 137 S. Ct. 886 (2017) (*Johnson* does not mean that the residual clause of the Sentencing Guidelines is also unconstitutionally vague). Thus, *Johnson* does not permit Childs to bring his unrelated claim under § 2255(f)(3).

Even assuming there were no applicable procedural hurdles, the claim is without merit. The fifteen-year mandatory minimum sentence under the ACCA applies when the convicted defendant has three previous violent felony convictions "committed on occasions different from one another." 18 U.S.C. § 922(e)(1). The presentence report demonstrates that each of Childs's three prior convictions meets this requirement. Each arose out of separate circumstances, each involved a different victim, and each occurred on a different occasion. *See* Doc. 13 at 11-13 in *United States v. Childs*, 1:10-cr-226-LSC-TMP.

    **B.**    **Childs's claim that *Johnson* invalidated his prior Alabama robbery conviction is without merit**

Childs additionally argues that his prior robbery conviction qualified as a violent felony only under the residual clause and, thus, post-*Johnson* can no longer serve as a basis to impose a sentence under the ACCA. This claim is without merit.

Alabama robbery is a violent felony post-*Johnson* because it "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 922(e)(2)(B)(i). Under Alabama law, first and second degree robbery are enhanced versions of third-degree robbery. Third-degree robbery requires (1) commission of a theft (2) during which the perpetrator (a) "uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance" or (b) "threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." Ala. Code § 13A-8-43(a). An individual commits first-degree robbery when he or she commits third-degree robbery and "(1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another." Ala. Code § 13A-8-41. Because third-degree robbery qualifies, categorically, as a violent felony under the "elements clause," first-degree robbery necessarily does as well.

The Alabama robbery statute is substantially similar to the Florida robbery statute, and the Eleventh Circuit has found that a conviction under Florida's

statute constitutes a "crime of violence" under the Sentencing Guidelines. *See United States v. Lockley*, 632 F.3d 1238, 1242-44 (11th Cir. 2011). Florida robbery is a theft "in the course of [which] there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). State jury instructions clarify that force or threat must "overcome" or prevent the victim's resistance. Fla. Std. Jury Instr. (Crim.) 15.1. In *Lockley*, the court held that the Florida statute fell under the similar elements clause of U.S.S.G. § 4B1.2. 632 F.3d at 1245. And, it has since reaffirmed that holding. *See United States v. Fritts*, 841 F.3d 937, 942-43 (11th Cir. 2016). In doing so, the court emphasized two aspects of Florida robbery's force requirement: the force has to be sufficient to overcome a victim's resistance, and it has to be more than would be associated with a mere snatching. *Id*.

Alabama robbery shares both these features. It requires "such force as is actually sufficient to overcome the victim's resistance." *Casher v. State*, 469 So. 2d 679, 680 (Ala. Crim. App. 1985) (quoting 77 C.J.S. Robbery § 15 (1952)). And, "mere snatching is not [Alabama] robbery unless there is some concurrent intimidation or violence." *Proctor v. State*, 391 So. 2d 1092, 1093 (Ala. Crim. App. 1980). It is thus a violent felony under the "elements clause" of the ACCA.

Childs does not appear to question the continued validity of his first and second-degree assault convictions post-*Johnson*. Assuming he did so, however, any

claims related to those convictions would similarly be without merit. This is so because both of Childs's assault convictions are also violent felonies under the elements clause. With regard to second-degree assault in Alabama, it can be committed in a number of ways, including when:

> (a) A person . . .
>
> > (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person;
> >
> > (2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument;
> >
> > (3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; [or]
> >
> > (4) With intent to prevent a peace officer, as defined in Section 36-21-60, a detention or correctional officer at any municipal or county jail or state penitentiary, emergency medical personnel, a utility worker, or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person. . . .

Ala. Code § 13A-6-21. The statute is divisible permitting consideration under the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2289 (2013); *United States v. Anderson*, 442 F. App'x 537, 539-40 (11th Cir. 2011) (applying the "modified categorical approach" to Alabama's second-degree assault

statute).[2] Application of the modified categorical approach demonstrates that Childs's conviction had as an element the intentional use of force. The presentence report states that, "[a]ccording to the indictment, [Childs] with intent to cause physical injury to another person, cause[d] physical injury to [a victim], by means of a deadly weapon or dangerous instrument, to wit: a handgun." *See* Doc. 13 at 11 in *United States v. Childs*, 1:10-cr-226-LSC-TMP; *see also Anderson*, 442 F. App'x at 539 (stating that "the district court did, and can rely on a description of the conduct from the PSI Addendum, which included language from the *Shepard*-approved indictment and to which Anderson did not object"). Thus, the modified categorical approach reveals that Childs was convicted under Ala. Code § 13A-6-

---

[2] Courts typically use a "categorical approach" to consider whether a prior offense is an enhancement-qualifying offense for the ACCA sentencing enhancement. *Id.* at 2281. The categorical approach restricts courts to relying on the fact of the prior conviction and the statutory language upon which the defendant's conviction rests. *Id.* However, where the predicate conviction statute is broader than the enhancement definition and divisible, courts may use a modified categorical approach. *Id.* A divisible statute "sets out one or more elements of the offense in the alternative." *Id.* Under the modified categorical approach, courts look to a limited class of documents, such as the indictment and jury instructions, to determine which alternative element was the basis of the defendant's conviction. *Id.* While the Court's holding and analysis in *Descamps* related to whether a prior conviction qualified as a "violent felony" under the ACCA, the ACCA's definition of "violent felony" can be used almost interchangeably with the term "crime of violence" as used when determining whether a defendant qualifies as a "career offender" under the Sentencing Guidelines. *See United States v. Hall*, 714 F.3d 1270, 1272 (11th Cir. 2013); *Spencer v. United States*, 727 F.3d 1076, 1100 (11th Cir. 2013) (ordering a resentencing under § 2255 on defendant's claim that he was improperly classified as a career offender under the Guidelines, based on a retroactive application of *Begay v. United States*, 553 U.S. 137 (2008), which narrowed the definition of what constitutes a "violent felony" under the ACCA).

21(a)(1), a "conviction requir[ing] force in its physical injury element." *Anderson*, 442 F. App'x at 540.

For similar reasons, Childs's first-degree assault conviction continues to qualify as well. In Alabama, first-degree assault is committed when:

(a) A person . . .

> (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or
>
> (2) With intent to disfigure another person seriously and permanently, or to destroy, amputate, or disable permanently a member or organ of the body of another person, he or she causes such an injury to any person; or
>
> (3) Under circumstances manifesting extreme indifference to the value of human life, he or she recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or
>
> (4) In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, or any other felony clearly dangerous to human life, or of immediate flight therefrom, he or she causes a serious physical injury to another person; or
>
> (5) While driving under the influence of alcohol or a controlled substance or any combination thereof . . . he or she causes serious physical injury to the person of another with a vehicle or vessel.

Ala. Code § 13A-6-20. Like second-degree assault, first-degree assault is also divisible and thus subject to the modified categorical approach. *See Descamps*, 133 S. Ct. at 2289.

Application of the modified categorical approach establishes that Childs's conviction had as an element the intentional use of force. With respect to the first degree assault conviction, the presentence report states that, "[a]ccording to the indictment, [Childs] with the intent to cause physical injury to another person, cause[d] physical injury to [the victim], by means of a deadly weapon or dangerous instrument, to wit: a handgun." *See* Doc. 13 at 13 in *United States v. Childs*, 1:10-cr-226-LSC-TMP. Thus, the record establishes that Childs was convicted under Ala. Code § 13A-6-20(a)(1), a "conviction requir[ing] force in its physical injury element." *Anderson*, 442 F. App'x at 540.

In sum, post-*Johnson*, Childs continues to qualify as an armed career criminal under 18 U.S.C. § 924(e)(1).

### III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Childs's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Childs's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON OCTOBER 11, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

11